**Seymour ROSENHECK and Jean Rosenheck, Plaintiffs,**

v.

**William J. RIEBER, Jr., et al., Defendants.**

**No. 95 CIV. 1031 (JSR).**

United States District Court, S.D. New York.

Aug. 13, 1996.

Morton I. Baum, Baum & Shawn, Monticello, NY, for Plaintiffs.

Cliff Gordon, Monticello, NY, for Defendants Credit Bureau of Monticello, Inc., Middle J. Corp., and Karen Schaefer.

Robert Rosen, Rosen & Rosen, Monticello, NY, for William J. Rieber, Jr., Kevin Rieber, Calcam Associates, Inc., Rock Hill J.J. Corp., Calcam Equities, Inc., William J. Reiber & Sons, Inc., Gannett Company Inc., and The Gannett Long Term Disability Plan.

### MEMORANDUM OPINION

RAKOFF, District Judge.

Once more the siren song of RICO lures temerarious litigants to their doom.

Plaintiffs Seymour and Jean Rosenheck allege that they are the victims of a "Ponzi" scheme perpetrated on them and others by William J. Reiber, Sr. and his company, Advance Payment Corp. Unfortunately for the Rosenhecks, both Reiber Sr. and Advance Payment filed for bankruptcy on April 5, 1994, and the Rosenhecks' objections to the dischargeability of the debts allegedly owed them by these bankrupts have yet to be determined.

Undeterred, the Rosenhecks, on Valentine's Day, 1995, filed a modest 73–page complaint against, seemingly, every person and entity that had a connection to Reiber Sr. or Advance Payment Corp.—ranging from "bookkeeper" William J. Reiber, Jr. to "secretary" Karen Schaefer. Inevitably, the Complaint alleged as the sole basis for federal jurisdiction putative violations of the Rack-

eteer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

All nine defendants promptly moved to dismiss the RICO claims. The Honorable Barrington D. Parker, Jr., U.S.D.J. to whom the case was initially assigned, referred the motions to the Hon. Lisa Margaret Smith, U.S.M.J., who in turn filed a Report and Recommendation on March 5, 1996 recommending that defendants' motions to dismiss be granted, that plaintiffs' request to amend the complaint be denied, and that defendants' motion for Rule.11 sanctions also be denied. Objections to Judge Smith's Report and Recommendation were timely filed by various parties, and this Court heard oral argument on the objections on June 6, 1996. For the reasons hereinafter stated, the Court concurs with Judge Smith's recommendations, although not entirely for the reasons stated in her Report.

Eschewing the temptation to reread *War and Peace,* the Court has instead spent an equivalent amount of time reading and re-reading plaintiffs' Complaint, seeking to draw every reasonable inference in plaintiffs' favor before concluding that there has been a failure to state a RICO claim. Based on this review, the Court finds that, notwithstanding Judge Smith's plausible interpretation to the contrary, the Complaint can perhaps be construed to allege both an adequate pattern of racketeering activity (in the form of a Ponzi-like fraud scheme perpetrated through the mails and interstate wires) and a RICO enterprise (in the form of Advance Payment Corporation). But the Complaint still fails to allege a RICO claim, because on no reasonable reading can it be read to allege that any of the nine defendants personally committed predicate acts of racketeering activity, as the Act requires.[1] *See generally, Moss v. Morgan Stanley Inc.,* 719 F.2d 5 (2d Cir.1983); *Katzman v. Victoria's Secret Catalogue,* No. Civ. 96–0003, 1996 WL 351228 at *3 (S.D.N.Y. June 25, 1996); *Sequa Corp. v. Gelmin,* 851 F.Supp. 106, 111 (S.D.N.Y.1994). *See also* Fed.R.Civ.P. 9(b); *Seagoing Uni-*

---

1. Contrary to the suggestion in Judge Smith's Report (at p. 14), aiding and abetting does not suffice under civil RICO. *Department of Eco-* *nomic Development v. Arthur Andersen & Co.,* 924 F.Supp. 449, 475–77 (S.D.N.Y.1996).

*form Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 933 (S.D.N.Y.1989).

■ Thus, for example, while the Complaint alleges, in wholly conclusory terms, that defendant "William J. Reiber, Jr. was the bookkeeper and in charge of administering the 'Ponzi' scheme and looting and siphoning" (Complaint, ¶ 199), it fails to specify a single particularized act of racketeering committed by Reiber, Jr. The same is true with respect to the other defendants. The only even arguably close case involves Ms. Schaefer, who is alleged to have mailed specific letters from Advance Payment to the Rosenhecks and others, "knowing" that the letters contained false representations that non-existent notes, mortgages and assignments did in fact exist. (*See, e.g.,* Complaint, ¶¶ 183–198). But the Complaint fails to allege any particulars from which a reasonable person could deduce that Ms. Schaefer had such actual knowledge of falsity, let alone factual circumstances giving rise to a strong inference that she had the requisite fraudulent intent. *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990); *Katzman, supra,* at *4; *see also, Shields v. Citytrust Bancorp Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994). Accordingly, the RICO claims must be dismissed as to all defendants.

In these circumstances, the remaining state law claims should be dismissed for lack of jurisdiction. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 348–53, 108 S.Ct. 614, 617–21, 98 L.Ed.2d 720 (1988).

■ Nor should leave to amend be granted. Plaintiff's failure to plead the requisite particulars with respect to the named defendants stands in striking contrast to the Complaint's highly particularized allegations against the absent bankrupt parties. Taking account of this contrast, together with the great length of the Complaint and the representations made by plaintiffs' counsel at oral argument as to the time and investigation that went into the preparation of the Complaint, it is clear that no purpose would be served by granting leave to plaintiffs to amend. *McCormack Int'l. Corp. v. Vohra,* 858 F.Supp. 415, 424 (S.D.N.Y.1994); *In re Integrated Resources Real Estate Limited*

*Partnerships Securities Litigation,* 850 F.Supp. 1105, 1128 (S.D.N.Y.1994).

■ On the other hand, the Court is equally convinced from the colloquy at oral argument that it cannot unequivocally conclude that the Complaint was interposed for improper purposes or that it was "patently clear that [the RICO] claim ha[d] absolutely no chance of success ..." *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). Accordingly, an award of Rule 11 sanctions is not warranted.

For the foregoing reasons, defendants' motions to dismiss are granted, plaintiffs' application for leave to amend is denied, and defendants' motion for Rule 11 sanctions is denied.

Clerk to enter judgment.

SO ORDERED.